Cratsley, John C., J.
This case is back before this Court on remand from the Appeals Court for further consideration of whether the plaintiffs, Donald Scholz’s, claims regarding articles published by the defendant, The Boston Herald, on May 25 and May 27, 2010 (the “2010 articles”) should be dismissed because they are protected by the fair report privilege. Scholz v. Boston Herald, Inc., No. 11-J-0079, slip op. at 2 (App.Ct. April 27, 2011) (Cohen, J., single justice). I was asked to reconsider the application of the fair report privilege to the 2010 articles by addressing the issues of the “fairness” of the reporting and the defendant’s “malice.”[1] Id. For the reasons discussed herein the defendant’s motion to dismiss claims based on the 2010 articles is ALLOWED. In the alternative, for the reasons also explained herein, I turn this Motion to Dismiss into a Motion for Summary Judgment and, as such, it is ALLOWED.
BACKGROUND
Procedural and factual history relevant to disposition of this motion is set forth in my September 14, 2010 and January 25, 2011 decisions and Judge Cohen’s April 27, 2011 decision. See Scholz v. Boston Herald, Inc., SUCV2010-1010, slip op. at 1-8 (Mass.Super.Ct. September 14, 2010); Scholz v. Bos *211 ton Herald, Inc., SUCV2010-1010, slip op. (Mass.Super.Ct. January 25, 2011); Scholz v. Boston Herald, Inc., No. 11-J-0079, slip op. (App.Ct. April 27, 2011) (Cohen, J. single justice).
DISCUSSION
I. Rule 12(b)(6) Standard
To survive a motion to dismiss, a complaint need not contain “detailed factual allegations,” but must set forth the plaintiffs entitlement to relief with more than mere “labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). There must be “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . .” Id., quoting Twombly, 127 S.Ct. at 1966.
II. The Fair Report Privilege
Massachusetts recognizes the fair report privilege. Jones v. Taibbi, 400 Mass. 786, 794 (1987) (noting that “there is a well established privilege to publish reports of judicial... proceedings”). The privilege protects the “publication of defamatory matter concerning another in a report of an official action or proceedings ... if the report is accurate and complete or a fair abridgment of the occurrence reported.” Restatement (Second) of Torts §611 (1977). While the privilege should be construed liberally, it may be defeated by a showing that the report was not fair and accurate or was published with “malice.” Howell v. Enterprise Publishing Co., LLC, 455 Mass. 641, 653 (“. . . it is important that the privilege be construed liberally”); Migi, Inc. v. Gannett Mass. Broadcasters, Inc., 25 Mass.App.Ct. 394, 397 (1988) (finding that the benefits of the privilege may be lost if “a complainant shows that the reporter was actuated by malice toward him”).
To be “accurate,” an article must convey a “substantially correct account of the proceedings.” Restatement (Second) of Torts §611, comment f. Scholz, in his complaint, does not allege that the defendant inaccurately described the judicial proceedings or the positions of the parties. The Appeals Court did not disturb this court’s finding that the 2010 articles were accurate. Scholz v. Boston Herald, Inc., No. 11-J-0079, slip op. at 2 (App.Ct. April 27, 2011) (Cohen, J. single justice).
To meet the “fairness” standard, a description of a judicial proceeding need not be exhaustive and complete. Restatement (Second) of Torts §611, comment f. However, a reporter may not edit or misplace material such that the article falsely portrays the essence of what occurred in the judicial proceeding. Id. In my view, Scholz’s first amended complaint does not allege sufficient facts from which a finding could be made that the 2010 articles were unfair. Scholz’s first amended complaint does not allege any facts which indicate that the 2010 articles misrepresented the judicial proceedings at hand or the views of the parties involved. The word “unfair” never appears in Scholz’s first amended complaint and virtually all its text discusses the alleged repetition of content from the 2007 articles. I feel this claim of “republication” is best analyzed as to whether it is a sufficient pleading of malice. Scholz, therefore, has not pleaded sufficient facts at this motion to dismiss stage to make a claim that the 2010 articles were unfair.
Furthermore, the 2010 articles, attached to the first amended complaint as exhibit F, G and H, which I am able to consider in turning this Motion to Dismiss into a Motion for Summary Judgment, clearly indicate to their readers that the Herald will “excerpt court papers relevant to Scholz’s lawsuit . . . and post complete documents online.” Therefore, in the alternative, I grant summary judgment for the defendant on the issue of whether the 2010 articles were “fair,” as the Herald made the details of the litigation fully available.
An article, which is fair and accurate, may nonetheless lose the protection of the fair report privilege if it is published with “malice.” Migi, 25 Mass.App.Ct. at 397. Under these circumstances, “malice” may mean “repetition of [a known] falsehood with a purpose to do the complainant maximum injury.” Id. The protection of the privilege is lost if the article is published “solely for the purpose of defaming [the plaintiff] and not for the purpose of informing the public.” Roketenetz v. Woburn Daily Times, Inc., 1 Mass.App.Ct. 156, 163 (1973) citing Restatement: Torts §611, comment a. Given this definition of “malice,” I am of the opinion that simply pleading that a defendant republished allegedly defamatory material is insufficient to support a claim of “malice” and cause the defendant to forfeit the protection of the fair report privilege. Rather, to support a claim of “malice” as defined in Roketenetz, a plaintiff must also allege facts sufficient to support a finding that the defendant republished the allegedly defamatory material for the sole purpose of further harming the plaintiff and for no other purpose, such as public information. See Roketentez, 1 Mass.App.Ct. at 163. In his first amended complaint Scholz pleaded that the 2007 articles were “republished” in the 2010 articles, thus drawing attention to the allegedly defamatory articles published by the Herald in 2007. See First Amended Complaint. However, Scholz’s pleading does not say, nor does it plead facts to infer, that the sole purpose of the 2010 articles was to defame him and not to inform the public. Pleading the word “republication,” or even the words “excessive republication,” with the conclusory word “malice” does not tell the reader that malice was the exclusive bad motive on the part of the Herald in 2010.
Scholz, in his brief, claims that “he is confident that he can prove [malice].” However, after conducting further discovery on the issue of malice, the plaintiff fails to point to any evidence admissible at trial to support a finding of malice. Scholz claims that this “is a question for another day”; however, I have been asked to consider the issue of malice and, despite discovery efforts, Scholz has come up empty handed. Although I find that there-are insufficient facts pleaded *212 to withstand a Motion to Dismiss, I would also grant summary judgment to the defendant on this issue, given the plaintiffs lack of evidentiary support following further discovery. See my ORDER which grants the defendant’s Motion to Dismiss but also, in the alternative, grants summary judgment to the defendants regarding the 2010 articles based on the discretion given me in Rule 12(b) to convert a motion to dismiss to a motion for summary judgment in certain circumstances which have been met in this case.
I find that the 2010 articles are protected by the fair report privilege and that, following a further analysis of Scholz’s complaint regarding “fairness” and “malice,” the facts as alleged in Scholz’s first amended complaint do not give rise to a claim which can defeat that privilege. Therefore, the plaintiffs claims relating to the publication of the 2010 articles must be dismissed. Alternatively, as explained below, I convert this Motion to Dismiss into a Motion for Summary Judgment, pursuant to Rule 12(b), and allow it.
ORDER
For the above mentioned reasons, it is hereby ORDERED that the Defendants’ Motion to Dismiss claims based on the 2010 articles is ALLOWED. As stated above, I am of the opinion that the issues of “fairness” and “malice” can certainly be resolved at the Motion to Dismiss stage under the lannacchino standard. However, I am also of the opinion that summary judgment is appropriate to resolve the “fairness” and “malice” issues. Thus, in the alternative, this Motion to Dismiss is converted into a Motion for Summary Judgment pursuant to Rule 12(b) and is GRANTED in favor of the defendant on claims arising from the publication of the 2010 articles. In accordance with Rule 12(b), the plaintiff has been given ample opportunity to develop a factual record sufficient to render summary judgment in accordance with Rule 56. Discovery was reopened prior to my holding an additional hearing on the remanded issues, and the plaintiffs further requests for discovery were granted and completed prior to this hearing on August 18, 2011.

The Appeals Court did not disturb this court’s finding that the 2010 articles were “accurate” in accordance with the fair report privilege standard.